```
MARLENE G. WEINSTEIN, ESQ. (Bar No. 079429)
LAW OFFICE OF MARLENE G. WEINSTEIN
1350 Treat Boulevard, Suite 420
Walnut Creek, California  94597
Telephone:  (925) 472-0800
Facsimile: (925) 472-0862

Attorney for Plaintiff
KARI SILVA BOWYER
```

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>THUAN-VU D HO,<br><br>       **Debtor.** | Case No. 14-50354 ASW-7<br>Chapter 7 |
| **KARI SILVA BOWYER, Trustee of the Bankruptcy Estate of Thuan-Vu D Ho,**<br><br>       **Plaintiff,**<br>vs.<br><br>**LUU PHUONG NGUYEN aka LUUPHUONG NGUYEN, BAO QUOC NGUYEN and MINHDUC T. LUU,**<br><br>       **Defendants.** | ADVERSARY PROCEEDING NO.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, TO AVOID FRAUDULENT TRANSFERS, TO AVOID POST-PETITION TRANSFERS, FOR AN ACCOUNTING AND TURNOVER OF PROPERTY OF THE ESTATE AND FOR DECLARATORY RELIEF** |

  **COMES NOW** plaintiff, Kari Silva Bowyer, trustee in bankruptcy, and respectfully alleges the following:

///

///

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.

**JURISDICTION AND VENUE**

1. This action is an adversary proceeding as defined by Federal Rules of Bankruptcy Procedure (hereinafter "FRBP") 7001(1), 7001(2), 7001(3) and 7001(9), including a proceeding for injunctive relief, and is brought pursuant to 11 U.S.C. §§ 105(a) 362(a), 363(h), 541(a), 542(a), 548(a), 549(a), 550(a) and 551.

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §1409.

3. This adversary proceeding is a core proceeding as that term is defined at 28 U.S.C. §§ 157(b)(2)(A), (E), (H) and (O) in that it is an action, among other things, for a determination of an interest in property concerning the administration of the estate, affecting liquidation of assets of the estate, for turnover of property of the estate, and to determine, avoid and recover fraudulent conveyances. Plaintiff consents to the entry of a final order or judgment by the bankruptcy court.

**GENERAL ALLEGATIONS**

4. On January 30, 2014, a voluntary petition for relief under Chapter 7 of the Bankruptcy Code was filed by debtor, Thuan-Vu D Ho ("Debtor"), in the above-captioned court as Case No. 14-50354 ASW-7 ("Bankruptcy Case") and an order for relief entered.

5. On February 14, 2014, a voluntary petition for relief under Chapter 7 of the Bankruptcy Code was filed by Thuan-Vu Dinh Ho, DMD, Inc. dba Prima Dental Care (the "Corporation") in which Debtor is sole shareholder, in the Northern District of California, San Francisco Division, as Case No. 14-30226 (the "Corporate Bankruptcy Case") and an order for relief was entered.

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.    2

Case: 14-05039    Doc# 1    Filed: 04/16/14    Entered: 04/16/14 22:31:39    Page 2 of 15

6. In connection with the filing of the Bankruptcy Case, Debtor listed a debt of $996,935.79 as wholly unsecured on Schedule D entered on the court docket as document #1, page 14, which debt Plaintiff is informed and believes was incurred by the Corporation in or about 2006, that Debtor guaranteed the obligation, and with respect to which the Corporation defaulted as early as May 2012.

7. Kari Silva Bowyer ("Plaintiff"), is the duly appointed, qualified and acting trustee of the estate of the Debtor.

8. Debtor is an individual debtor under Chapter 7 of the Bankruptcy Code in the Northern District of California.

9. Plaintiff is informed and believes and thereon alleges that defendant, Luu Phuong Nguyen aka Luuphuong Nguyen ("Luuphuong"), is and at all times relevant herein was, an individual and either the wife or ex-wife of the Debtor.

10. Plaintiff is informed and believes and thereon alleges that defendants, Bao Quoc Nguyen Minhduc T. Luu (hereinafter collectively "Parents"), are and at all times relevant herein were individuals, Debtor's former in-laws, and Luuphuong's parents.

11. Plaintiff is informed and believes and thereon alleges that Debtor and Luuphuong were married on or about November 17, 2008, and that they were separated on January 5, 2013.

12. Plaintiff is informed and believes and thereon alleges that any and all earnings acquired by either Debtor or Luuphuong during their marriage including the period from November 17, 2008 through and including January 5, 2013 (hereinafter referred to as "Earnings Acquired During Marriage"), were at all times community property and therefore, property of the bankruptcy estate.
///

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.            3

Case: 14-05039    Doc# 1    Filed: 04/16/14    Entered: 04/16/14 22:31:39    Page 3 of 15

13. Plaintiff is informed and believes and thereon alleges that on or about April 2, 2013, Luuphuong filed a Petition for Dissolution of Marriage in the Santa Clara Superior Court, as Case No. 1-13-FL-164502 ("Family Law Case"), in which Luuphuong is Petitioner and Debtor is Respondent.

14. Plaintiff is informed and believes and thereon alleges that on or about November 13, 2009, Debtor and Luuphuong purchased the real property located at 3482 Lapridge Lane, San Jose, California, Assessor's Parcel No. 414-30-117 ("the Lapridge Property") for the sum of $630,000.00.

15. Plaintiff is informed and believes and thereon alleges that on or about February 4, 2013, less than one (1) year prior to the filing of the Bankruptcy Case, Debtor executed an Interspousal Transfer Grant Deed, recorded February 14, 2013, as document number 22093512, in the Santa Clara County Recorder's Official Records, a copy of which is attached hereto as Exhibit "A", without exhibit, and incorporated herein as though set forth at length, pursuant to which Debtor transferred all of his right, title and interest in the Lapridge Property to Luuphuong, a married woman as her sole and separate property.

16. Plaintiff is informed and believes and thereon alleges that prior to Debtor's marriage to Luuphuong, Luuphuong and her Parents purchased the real property located at 1632 South White Road, San Jose, California, APN 647-31-004 ("the White Road Property"), the legal description of which is as follows:

> LOT 436, as delineated upon that certain Map entitled "Tract No. 2306", filed for record in the Office of the Recorder of the County of Santa Clara, State of California, on July 20th, 1959 in Book 109 of Maps, at Pages 23 and 24.

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.   4

Case: 14-05039   Doc# 1   Filed: 04/16/14   Entered: 04/16/14 22:31:39   Page 4 of 15

17. Plaintiff is informed and believes and thereon alleges that on or about June 5, 2013, less than one (1) year prior to the filing of the Bankruptcy Case, a Judgment of Dissolution was filed in the Family Law Case ("Judgment of Dissolution").

18. The Judgment of Dissolution provided, in relevant part, for Luuphuong to be awarded, as her sole and separate property, various property including, but not limited to the Lapridge Property, the White Road Property, a 2005 Toyota Camry, a 2010 Toyota Highlander ("Highlander"), any and all credit cards or other debts in Wife's name alone, and all financial accounts in her name, or jointly with another other than with Debtor.

19. The Judgment of Dissolution also provided, in relevant part, for Debtor to be awarded, as his sole and separate property, a Cancun timeshare, all furniture, furnishings, and personal property belongings including jewelry currently in his possession, the business known as "Prima Dental Care" including any and all assets and/or liabilities thereon, any and all credit cads or other debts in Husband's name alone, and all financial accounts in Husband's name, or jointly with another other than Wife.

20. Plaintiff is informed and believes and thereon alleges the Lapridge Property was purchased with Earnings Acquired During Marriage, and that at all times thereafter, all mortgage payments and improvements to the Lapridge Property, if any, were paid from Earnings Acquired During Marriage which were community property.

21. Plaintiff is informed and believes and thereon alleges the Lapridge Property was at all times a community property asset and property of the bankruptcy estate that Debtor transferred to Luuphuong for no consideration.

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.        5

Case: 14-05039   Doc# 1   Filed: 04/16/14   Entered: 04/16/14 22:31:39   Page 5 of 15

22. Plaintiff is informed and believes and thereon alleges the Highlander was purchased with Earnings Acquired During Marriage, and that at all times thereafter through Luuphuong's separation from Debtor, all loan payments were paid from Earnings Acquired During Marriage which were community property, and that the Highlander was and is at all times a community property asset and property of the bankruptcy estate.

23. Plaintiff is informed and believes and thereon alleges that subsequent to the filing of the Bankruptcy Case, Luuphuong sold the Lapridge Property on or about April 4, 2014, for the sum of $950,000.00 ("Proceeds of Sale") and that the Proceeds of Sale was and is at all times a community property asset and property of the bankruptcy estate.

24. Plaintiff is informed and believes and thereon alleges that from the Proceeds of Sale, the mortgage that was paid off in an less than $500,000.00 ("the Mortgage").

25. Plaintiff is informed and believes and thereon alleges that from the Proceeds of Sale, Luuphuong transferred $150,000.00 to her Parents in repayment of a loan

26. Plaintiff is informed and believes and thereon alleges that notwithstanding the transfer of $150,000.00 to her Parents, Luuphuong still has access her Parents' financial accounts into which the $150,000.00 was deposited.

27. Plaintiff is informed and believes and thereon alleges that from the Proceeds of Sale, Luuphuong has since used approximately $70,000.00 of the Proceeds of Sale to pay her student loan debt and approximately $10,000.00 of the Proceeds of Sale to pay off the car loan secured by the Highlander.

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.                6

Case: 14-05039   Doc# 1   Filed: 04/16/14   Entered: 04/16/14 22:31:39   Page 6 of 15

28. Plaintiff if informed and believes and thereon alleges that from the $950,000 Proceeds of Sale, the amount remaining is approximately $100,000.00 (hereinafter referred to as "the Remaining Proceeds of Sale").

29. Plaintiff is informed and believes and thereon alleges that as of the filing of the Family Law Case, as well as the filing of the Bankruptcy Case, there were various financial accounts held in Luuphuong's name, either alone or together with another person, into which community property was deposited having been derived from Earnings Acquired During Marriage.

**FIRST CLAIM FOR RELIEF**
**For Injunctive Relief against All Defendants**
**[11 U.S.C. §105(a) and 362(a)]**

30. Plaintiff reaalleges and incorporates the allegations contained in paragraphs 1 through 25 inclusive, as though set forth at length.

31. Plaintiff is informed and believes and thereon alleges that unless the Defendants, Luuphuong and her Parents, are enjoined and restrained by order of this Court, from taking any action to transfer, hypothecate or otherwise use or distribute any and all of the Proceeds of Sale and/or Remaining Proceeds of Sale in their possession and/or control, pending resolution of the within adversary proceeding, that great and irreparable injury may be caused to the estate because the estate will lose a valuable asset, its interest in the Proceeds of Sale from the Lapridge Property.

32. Plaintiff is informed and believes and thereon alleges that she has no adequate remedy at law for the injuries which the estate will suffer as a result of the possible actions of Luuphuong and her Parents with regard to the Proceeds of Sale.

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.              7

Case: 14-05039   Doc# 1   Filed: 04/16/14   Entered: 04/16/14 22:31:39   Page 7 of 15

**WHEREFORE,** Plaintiff requests judgment as set forth below.

## SECOND CLAIM FOR RELIEF
### Fraudulent Transfer against Defendant Luuphuong Nguyen
### [11 U.S.C. §§ 548(a), 550(a) and 551]

33. Plaintiff reaalleges and incorporates the allegations contained in paragraphs 1 through 32 inclusive, as though set forth at length.

34. The transfer of the Lapridge Property by Debtor to Luuphuong referred to in paragraphs 15 and 18 were made within two (2) years before the filing of the Bankruptcy Case.

35. Plaintiff is informed and believes and thereon alleges the transfer referred to in paragraphs 15 and 18 were made by the Debtor with the actual intent to hinder, delay and defraud creditors of the Debtor.

36. Plaintiff is informed and believes and thereon alleges the transfer referred to in paragraphs 15 and 18 constituted a transfer of property of the Debtor to Luuphuong for which the Debtor received no consideration, or if the Debtor received any consideration, such consideration was not of a reasonably equivalent value.

37. Plaintiff is informed and believes and thereon alleges the transfer referred to in paragraphs 15 and 18 were made and incurred by the Debtor (i) when the Debtor was insolvent and/or such transfer rendered the Debtor insolvent and/or (ii) were made and incurred at such time as Debtor was engaged in or about to be engaged in a business for which his remaining assets were unreasonably small in relation to his business, and/or (iii) was made at such time as the Debtor intended to incur and/or believed

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.        8

Case: 14-05039    Doc# 1    Filed: 04/16/14    Entered: 04/16/14 22:31:39    Page 8 of 15

or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

38. Plaintiff is entitled to avoid and preserve such transfer for the benefit of the estate pursuant to the provisions of 11 U.S.C. §§ 548(a), 550(a) and 551.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

### THIRD CLAIM FOR RELIEF
### Post-Petition Transfer against Defendants Luuphuong Ngyuen, Bao Quoc Nguyen and Minhduc T. Luu
### [11 U.S.C. §§ 549(a), 550(a) and 551]

39. Plaintiff reaalleges and incorporates the allegations contained in paragraphs 1 through 38 inclusive, as though set forth at length.

40. Plaintiff is informed and believes and thereon alleges that at the time of the transfers of property by Luuphuong referred to in paragraphs 23 through 27 above, including but not limited to the transfer and sale of the Lapridge Property, the transfer of the Proceeds of Sale to Luuphuong's Parents, and to pay Luuphuong's student loan and car loan secured by the Highlander, Luuphuong had full knowledge of the commencement of the Bankruptcy Case.

41. Plaintiff is informed and believes and thereon alleges the transfers referred to in paragraphs 23 through 27 above constituted transfers of property of the Debtor to Defendants, Luuphuong and her Parents, for which the Debtor received no consideration, or if the Debtor received any consideration, such consideration was not of a reasonably equivalent value.

42. Plaintiff is entitled to avoid and preserve such transfers for the benefit of the estate pursuant to the provisions of 11 U.S.C. §§ 549(a), 550(a) and 551.

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.        9

Case: 14-05039   Doc# 1   Filed: 04/16/14   Entered: 04/16/14 22:31:39   Page 9 of 15

**WHEREFORE,** Plaintiff prays for judgment as set forth below.

## FOURTH CLAIM FOR RELIEF
### Declaratory Relief
### [Fed Rule of Bankruptcy Proc. 7001 and 11 U.S.C. §541(a)(2)]

43. Plaintiff reaalleges and incorporates the allegations in paragraphs 1 through 42, inclusive, as though set forth at length.

44. Plaintiff is informed and believes and thereon alleges that the property referred to in paragraphs 15, 18 and 20 through 23 above, including but not limited to the Lapridge Property and the Highlander were either acquired with Earnings Acquired During Marriage, consisted of Earnings Acquired During Marriage, and/or the debts paid with Earnings Acquired During Marriage were secured by said property, and that pursuant thereto, said property and/or an interest in said property are community property assets and are property of the bankruptcy estate.

45. Plaintiff is informed and believes and thereon alleges that Luuphuong claims some right, title and interest in the property referred to in paragraphs 15, 18 and 20 through 23 above.

46. Plaintiff is informed and believes and thereon alleges that Luuphuong disputes the contentions alleged in paragraphs 15 and 18 and 20 through 22 above.

47. An actual controversy exists between Plaintiff and Defendant with regard to the validity, nature and extent of their respective interests in various property referred to in paragraphs 15, 18 and 20 through 22 above including but not limited to the Lapridge Property and the Highlander.

48. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to their respective interests in various property referred to in paragraphs

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.         10

Case: 14-05039   Doc# 1   Filed: 04/16/14   Entered: 04/16/14 22:31:39   Page 10 of 15

15, 18 and 20 through 22 above including but not limited to the Lapridge Property and the Highlander.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

**FIFTH CLAIM FOR RELIEF**
**For an Accounting and Turnover of Property of the Estate against Defendant Luuphuong Nguyen**
**[Fed Rule of Bankruptcy Proc. 7001 and]**
**[11 U.S.C. §§ 541(a)(2) and 542(a)]**

49. Plaintiff reealleges and incorporates the allegations in paragraphs 1 through 48, inclusive, as though set forth at length.

50. Plaintiff is informed and believes and thereon alleges that from at least as early as January 5, 2013, the date of the parties' separation, and continuing subsequent to the filing of the Bankruptcy Case, Luuphuong has been in possession of certain property of the estate, including but not limited to the Lapridge Property and the Proceeds of Sale and the Remaining Proceeds of Sale therefrom, and that she retains the same based upon the transfer by Debtor to Luuphuong of the Lapridge Property, the Highlander and other property referred to in paragraphs 15, 18 and 20 through 22 above, as well as the transfer to Luuphuong's Parents referred to in paragraph 26 above.

51. The property described above constitutes property which the Plaintiff herein may use, sell or lease pursuant to 11 U.S.C. §363.

52. In the event this Court avoids the transfer of the Lapridge Property and other property referred to in paragraphs 15 and 18 above, then it is necessary that this Court order Luuphuong to account for any and all monies obtained by Luuphuong in connection with Lapridge Property as well as any other property and

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.     11

any transfers from and after January 5, 2013, as well as any and all monies currently on deposit in said accounts, and to turn such funds over to Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

**SIXTH CLAIM FOR RELIEF**
**For an Accounting and Turnover of Property of the Estate against Defendants Luuphuong Nguyen, Bao Quoc Nguyen and Minhduc T. Luu**
**[Fed Rule of Bankruptcy Proc. 7001 and]**
**[11 U.S.C. §§ 541(a)(2) and 542(a)]**

53. Plaintiff reaalleges and incorporates the allegations in paragraphs 1 through 52, inclusive, as though set forth at length.

54. Plaintiff is informed and believes and thereon alleges that from some time after April 4, 2014 through the present, defendants, Luuphuong and/or her Parents, Bao Quoc Nguyen and Minhduc T. Luu, have been in possession of $150,000.00 from the Proceeds of Sale based upon the transfer of said property to them by Luuphuong referred to in paragraphs 25 and 26 above.

55. The property described above constitutes property which the Plaintiff herein may use, sell or lease pursuant to 11 U.S.C. §363.

56. In the event this Court avoids the transfer of the Lapridge Property referred to in paragraphs 15 and 18 above, then it is necessary that this Court order defendants Luuphuong, Bao Quoc Nguyen and Minhduc T. Luu to account for any and all monies transferred to them by Luuphuong from the Proceeds of Sale from and after April 4, 2014, and to turn such funds over to Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment as follows:

///

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.        12

Case: 14-05039    Doc# 1    Filed: 04/16/14    Entered: 04/16/14 22:31:39    Page 12 of 15

1. On Plaintiff's first claim for relief, for injunctive relief in the nature of a temporary restraining order, preliminary injunction and permanent restraining order against defendants, Luuphuong and her Parents, which prohibits them from taking any action to transfer, hypothecate or otherwise use or distribute any and all of the Proceeds of Sale and/or Remaining Proceeds of Sale in their possession and/or control, pending resolution of the within adversary proceeding, pursuant to 11 U.S.C. §105(a);

2. On Plaintiff's second claim for relief, for an order avoiding the Interspousal Transfer Grant Deed recorded February 14, 2013, in the Santa Clara County Official Records, as document number 22093512, pursuant to which Debtor transferred all of his right, title and interest in the Lapridge Property to Luuphuong, a married woman, as her sole and separate property, and preserving such transfer for the benefit of the estate, pursuant to 11 U.S.C. §§ 548(a), 550(a) and 551;

3. On Plaintiff's second claim for relief, for an order avoiding the transfer of the Lapridge Property as provided for in the Judgment of Dissolution, pursuant to which Debtor transferred all of his right, title and interest in the Lapridge Property to defendant Luuphuong, and preserving such transfer for the benefit of the estate, pursuant to 11 U.S.C. §§ 548(a), 550(a) and 551;

4. On Plaintiff's third claim for relief, for a money judgment in favor of Plaintiff and against defendant Luuphuong for the principal sum of $950,000.00 reduced by costs of sale and other secured obligations to be approved by the Court, subject to proof, representing the net Proceeds of Sale received by defendant Luuphuong as a result of the post-petition transfer of the Lapridge

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.      13

Case: 14-05039    Doc# 1    Filed: 04/16/14    Entered: 04/16/14 22:31:39    Page 13 of 15

Property, together with lawful interest, according to proof, pursuant to 11 U.S.C. §§ 549(a), 550(a) and 551;

5. On Plaintiff's third claim for relief, for a money judgment in favor of Plaintiff against defendants, Bao Quoc Nguyen and Minhduc T. Luu, for the principal sum of $150,000.00, representing the monies received by said defendants as a result of the post-petition transfer of said proceeds from the Proceeds of Sale of the Lapridge Property from defendant Luuphuong, together with lawful interest, according to proof, pursuant to 11 U.S.C. §§ 549(a), 550(a) and 551;

6. On Plaintiff's fourth claim for relief, for equitable relief in the form of a judgment against defendant Luuphuong declaring that the Lapridge Property and the Proceeds of Sale therefrom was at all times community property belonging to Debtor and Luuphuong and therefore, an asset of the bankruptcy estate pursuant to 11 U.S.C §541(a)(2);

7. On Plaintiff's fourth claim for relief, for equitable relief in the form of a judgment against defendant Luuphuong declaring that the Highlander was at all times community property belonging to Debtor and Luuphuong and therefore, an asset of the bankruptcy estate pursuant to 11 U.S.C §541(a)(2);

8. On Plaintiff's fifth claim for relief, for a judgment against defendant Luuphuong requiring Luuphuong to provide an accounting of the Proceeds of Sale from the sale of the Lapridge Property from and after April 4, 2014 through and including entry of judgment, pursuant to 11 U.S.C. §542(a);

9. On Plaintiff's fifth claim for relief, for a judgment against defendant Luuphuong requiring Luuphuong to provide an

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.            14

Case: 14-05039    Doc# 1    Filed: 04/16/14    Entered: 04/16/14 22:31:39    Page 14 of 15

accounting of any and all monies on deposit in the financial accounts in her name as of January 5, 2013, through and including the filing of the Bankruptcy Case, pursuant to 11 U.S.C. §542(a);

10. On Plaintiff's sixth claim for relief, for a judgment against defendant Luuphuong and against defendants, Bao Quoc Nguyen and Minhduc T. Luu, requiring said defendants to provide an accounting of the $150,000.00 transferred by defendant Luuphuong to her Parents, from and after April 4, 2014 through and including entry of judgment, pursuant to 11 U.S.C. §542(a);

11. For costs of suit incurred herein including reasonable attorneys fees; and,

12. For such other and further relief as the Court deems just and proper.

Dated: April  16 , 2014         LAW OFFICE OF MARLENE G. WEINSTEIN


                                By: /s/ Marlene Gay Weinstein
                                    MARLENE G. WEINSTEIN
                                    Attorney for Plaintiff
                                    Kari Silva Bowyer, Trustee

Complaint for Injunctive Relief,
To Avoid Fraud. Transfer, etc.            15

Case: 14-05039   Doc# 1   Filed: 04/16/14   Entered: 04/16/14 22:31:39   Page 15 of 15