MARLENE G. WEINSTEIN, ESQ. (Bar No. 079429)
LAW OFFICE OF MARLENE G. WEINSTEIN
1350 Treat Boulevard, Suite 420
Walnut Creek, California 94597
Telephone: (925) 472-0800
Facsimile: (925) 472-0862

Attorney for Plaintiff
KARI SILVA BOWYER

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>**THUAN-VU D HO,**<br><br>Debtor. | Case No. 14-50354 ASW-7<br>Chapter 7 |
| **KARI SILVA BOWYER, Trustee of the Bankruptcy Estate of Thuan-Vu D Ho,**<br><br>Plaintiff,<br><br>vs.<br><br>**LUU PHUONG NGUYEN aka LUUPHUONG NGUYEN, BAO QUOC NGUYEN and MINHDUC T. LUU,**<br><br>Defendants. | ADVERSARY PROCEEDING NO. 14-05039<br><br>*EX PARTE* APPLICATION FOR ORDER GRANTING TEMPORARY RESTRAINING ORDER<br><br>Date:<br>Time:<br>Place: 280 South First St.<br>        San Jose, California<br>Judge: Hon. Arthur S. Weissbrodt |

Plaintiff, Kari Silva Bowyer, Trustee in bankruptcy of the estate of the above Debtor ("Plaintiff"), hereby submits this *Ex Parte* Application for Order Granting Temporary Restraining Order:

Ex Parte Application For Order
Granting Temp. Restraining Order

Through this Application, Plaintiff seeks an order temporarily restraining the above-named Defendants from taking any action to transfer, hypothecate or otherwise use or distribute any of the remaining proceeds from the sale of the real property located at 3482 Lapridge Lane, San Jose, California ("the Real Property") pending resolution of the above-captioned adversary proceeding. This is of great concern to Plaintiff based upon Defendant Luuphuong Nguyen stating that she and her parents are scheduled to leave on trip to Vietnam on May 2, 2014, and that they had intended on taking some of the proceeds from the sale of the Real Property with them.

Plaintiff asserts the Real Property was a community property asset Debtor transferred to defendant, Luu Phuong Nguyen aka Luu phuong Nguyen ("Luuphuong") for no value, or less than reasonably equivalent value, less than one (1) year of the Debtor filing his bankruptcy case on January 30, 2014. A copy of the Interspousal Transfer Grant Deed by which Debtor transferred the Real Property to Luuphuong is attached as Exhibit A to the Declaration of Marlene G. Weinstein ("Ms. Weinstein").

Although filing an adversary proceeding and recording a lis pendens to recover the Real Property for the benefit of the estate would generally be sufficient to protect the estate's interest in the Real Property, Luuphuong has since sold the Real Property, netting a minimum of $330,000.00 ("the Proceeds of Sale"), from which Luuphuong contends there is only about $100,000.00 remaining as of this date. Plaintiff, therefore, had no other option other

Case: 14-05039    Doc# 3    Filed: 04/16/14    Entered: 04/16/14 23:32:33    Page 2 of 7

than to initiate this adversary proceeding and to file the within application requesting injunctive relief so that she can take steps to protect the estate's interest in the Proceeds of Sale remaining as of this date ("Remaining Proceeds of Sale").

**FACTS**

On January 30, 2014, the above Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and Plaintiff was appointed Chapter 7 Trustee.

On April 15, 2014, in connection with preparing a Complaint to Avoid Fraudulent Transfer, For an Accounting and Turnover of Property of the Estate, For Authority to Sell Interest of Co-Owner and For Declaratory Relief, Plaintiff discovered that the Real Property had been sold on April 4, 2014, for $950,000.00. A copy of the first page printout from the Zillow website regarding the sale the Real Property and of the Grant Deed recorded April 4, 2014 evidencing the sale by Luuphuong are attached as Exhibits B and C, respectively, to the Declaration of Marlene G. Weinstein.

Plaintiff initiated this adversary proceeding based upon Debtor's transfer of the Real Property to Luuphuong within one (1) year of the filing of the Bankruptcy Case, which property was purchased during the Debtor's marriage to Luuphuong. Plaintiff contends the Real Property and the Proceeds of Sale therefrom were and are community property that is recoverable for the benefit of the estate under 11 U.S.C. §548. A copy of the complaint, without

Ex Parte Application For Order
Granting Temp. Restraining Order        3

Case: 14-05039    Doc# 3    Filed: 04/16/14    Entered: 04/16/14 23:32:33    Page 3 of 7

exhibits, is attached as Exhibit D to the Declaration of Marlene G. Weinstein.

On April 15, 2014, Ms. Weinstein telephoned Luuphuong regarding Plaintiff's contentions regarding the Real Property and the Proceeds of Sale at which time Luuphuong confirmed the fact the Real Property had sold for $950,000.00, and further, that the mortgage paid off in connection with the sale was less than $500,000.00. When asked about the remaining Proceeds of Sale, Luuphuong advised Ms. Weinstein that she had spent some money and paid off debts and that only about $100,000.00 of the Proceeds of Sale remained.

During the course of the conversation with Ms. Weinstein, Luuphuong asserted that the Real Property was always her separate property and that Debtor did not have any interest in the Real Property. In response, Ms. Weinstein advised Luuphuong that until she provided evidence and either an agreement was reached or there was an order from the Bankruptcy Court, she should not spend any of the Remaining Proceeds of Sale.

Following the conversation, Ms. Weinstein sent Luuphuong an email, a copy of which is attached as Exhibit E to the Declaration of Marlene G. Weinstein, which stated the following:

> IN ANY EVENT, THIS LETTER WILL SERVE TO ADVISE YOU THAT YOU MUST NOT SPEND ANY FURTHER PROCEEDS FROM THE SALE OF THE LAPRIDGE LANE PROPERTY UNTIL FURTHER AGREEMENT OR AN ORDER OF THE BANKRUPTCY COURT.

Ex Parte Application For Order
Granting Temp. Restraining Order    4

Case: 14-05039    Doc# 3    Filed: 04/16/14    Entered: 04/16/14 23:32:33    Page 4 of 7

On April 16, 2014, pursuant to previous agreement, Ms. Weinstein had a further telephone conversation with Luuphuong in which Luuphuong advised Ms. Weinstein that she had transferred $150,000.00 of the Proceeds of Sale to her parents, defendants Bao Quoc Nguyen and Minhduc T. Luu ("Parents"), in repayment of a loan for the down payment for the purchase of the Real Property and that she had access to her parents' accounts. Luuphuong also stated she had used $70,000.00 to pay off her student loan and had used about $10,000.00 to pay off her car loan. Luuphuong further stated she and her parents were scheduled to take a trip to Vietnam on May 2, 2014, at which time she intended to take some of the Remaining Proceeds of Sale with her.

At the end of Ms. Weinstein's conversation with Luuphuong on April 16,2014, Luuphuong discussed providing documents she believed evidenced her separate property claim and tentatively scheduled to meet with Ms. Weinstein on Friday, April 18, 2014. Luuphuong further agreed to call Ms. Weinstein later in the afternoon on April 16, 2014 when she returned home from work. Ms. Weinstein provided Luuphuong with her private line in case Luuphuong had to call after 5:00 p.m. Although seemingly cooperative, Luuphuong has not agreed to turn over the remaining proceeds of sale pending resolution of the dispute. In addition, she did not call Ms. Weinstein as had been planned and she did not answer her cel phone when Ms. Weinstein attempted to call her at 6:25 p.m. and at 7:30 p.m. on April 16, 2014 before the within Application was finalized.

///

Ex Parte Application For Order
Granting Temp. Restraining Order     5

Case: 14-05039   Doc# 3   Filed: 04/16/14   Entered: 04/16/14 23:32:33   Page 5 of 7

**ARGUMENT**

Legal Standard for a Preliminary Injunction

The standards for issuance of a preliminary injunction in this jurisdiction are well established. As stated by the Ninth Circuit in Glacier Park Foundation v. Watt, 663 F.2d 882, 884 (9th Cir. 1981):

> A preliminary injunction should be granted if the movant can show either: (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the movant's favor.

Id.; *see also* Oakland Tribune, Inc. V. Chronicale Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). The two tests are not separate tests; rather, they represent "two points of a sliding scale in which the required degree of irreparable harm increases as the possibility of success decreases." Oakland Tribune, 763 F.2d 1376.

1. Likelihood of Success on the Merits.

Plaintiff believes she will succeed in the adversary proceeding against Luuphuong and her Parents (collectively "Defendants"). There can be no dispute that the bankruptcy estate has some interest in the Real Property in that it was purchased during Debtor's marriage to Luuphuong, that community property earnings acquired during marriage were used to make mortgage payments, and that there was some community interest in the Real Property Debtor transferred. In this case, success on the merits would be reflected in preservation of the estate's interest in the Proceeds of Sale from which only a small percentage remains.

Ex Parte Application For Order
Granting Temp. Restraining Order    6

### 2. Possibility of Irreparable Injury

A strong threat of irreparable injury before trial is a sufficient basis for the requirement of irreparable harm. <u>Caribbean Marine Services Co., Inc. V. Baldridge</u>, 844 F.2d 668, 675 (9th Cir. 1988).

The Real Property was sold on April 4, 2014, and within slightly over ten (10) days Luuphuong has transferred at least $230,000.00 (and likely more). If a restraining order is not granted, there is no guarantee that the Remaining Proceeds of Sale will not be transferred, hypothecated or otherwise spent by Defendants. There is a real possibility of irreparable harm to Plaintiff and the bankruptcy estate which would result in the loss of the Remaining Proceeds of Sale by Defendants' possible actions.

### CONCLUSION

Plaintiff submits that this is a proper case for injunctive relief to protect a valuable asset of the bankruptcy estate. Plaintiff requests that the Court enter a temporary restraining order preventing the Defendants from taking any action to transfer, hypothecate or otherwise use or distribute any of the Remaining Proceeds of Sale from the sale of the Real Property.

Dated: April  16 , 2014          LAW OFFICE OF MARLENE G. WEINSTEIN


                                 By: /s/ Marlene Gay Weinstein
                                     MARLENE G. WEINSTEIN
                                     Attorney for Plaintiff
                                     Kari Silva Bowyer, Trustee

Ex Parte Application For Order
Granting Temp. Restraining Order         7