**Marlene Weinstein**

| | |
|---|---|
| From: | Marlene Weinstein [mgw16@sbcglobal.net] |
| Sent: | Tuesday, April 15, 2014 6:26 PM |
| To: | 'muto007@yahoo.com' |
| Cc: | 'Kari Bowyer' |
| Subject: | Thuan-Vu D Ho Bankruptcy Case No. 14-50354 |
| Attachments: | Personal MOC.pdf |

Dear Ms. Nguyen:

This letter will serve as a follow-up to a telephone conversation of this date, April 15, 2014, with regard to the above-referenced matter, and specifically with regard to the following:

1. On January 30, 2014, your ex-husband, Thuan-Vu D Ho filed a voluntary petition under Chapter 7 of the Bankruptcy Code, at which time Kari Silva Bowyer was appointed as the Chapter 7 trustee, as set forth in the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, a copy of which is attached to this email for your review;

2. As of the filing of the bankruptcy case, all property belonging to your ex-husband ("the Debtor") was property of the bankruptcy estate subject to the administration of the bankruptcy court, which includes all property transferred by the Debtor for less than reasonably equivalent value within two years of the filing of the bankruptcy case, and specifically, the Lapridge Lane Property and the proceeds of sale therefrom;

3. As you know, the Debtor transferred any interest he may have had in the Lapridge Lane Property and the S. White Road Property, if any, in connection with your Marital Settlement Agreement, and with respect to the Lapridge Lane Property, pursuant to the Interspousal Transfer Deed signed in February 2013;

4. Although you may claim that the Debtor did not have any interest in either the Lapridge Lane Property and/or the S. White Road Property, until that is determined by agreement or further order of the Bankruptcy Court, you are instructed not to spend any remaining proceeds from the sale of the Lapridge Lane property from and after our conversation this evening and your receipt of this email;

5. Ms. Bowyer has filed an application to employ me as her attorney for the purpose of investigating the transfers and therefore, I will call you tomorrow after 2:00 p.m. so that we can discuss this matter further.

6. IN ANY EVENT, THIS LETTER WILL SERVE TO ADVISE YOU THAT YOU MUST NOT SPEND ANY FURTHER PROCEEDS FROM THE SALE OF THE LAPRIDGE LANE PROPERTY UNTIL FURTHER AGREEMENT OR AN ORDER OF THE BANKRUPCTY COURT.

Hopefully, we can discuss this matter and come to some understanding regarding the facts. I do understand your position in that you claim the Debtor didn't transfer anything to you because he had no interest in the property. However, until you provide evidence confirming that fact, it does appear that he had an interrest based upon my review of the documents filed with the Superior Court and recorded with the Santa Clara.

I look forward to speaking with you tomorrow.

Very truly yours,
Marlene Weinstein

Law Office of Marlene G. Weinstein
1350 Treat Boulevard, Suite 420
Walnut Creek, CA 94597

1

Telephone: (925) 472-0800
Facsimile: (925) 472-0862
Email: mgw16@sbcglobal.net

CONFIDENTIALITY NOTICE: This e-mail and any attachments contain information from the Law Office of Marlene G. Weinstein, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.