MARLENE G. WEINSTEIN, ESQ. (Bar No. 079429)
LAW OFFICE OF MARLENE G. WEINSTEIN
1350 Treat Boulevard, Suite 420
Walnut Creek, California 94597
Telephone: (925) 472-0800
Facsimile: (925) 472-0862

Attorney for Plaintiff
KARI SILVA BOWYER

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>**THUAN-VU D HO,**<br><br>　　　　　　　　　**Debtor.** | **Case No. 14-50354 ASW-7**<br>**Chapter 7** |
| **KARI SILVA BOWYER, Trustee of the Bankruptcy Estate of Thuan-Vu D Ho,**<br><br>　　　　　　　　　**Plaintiff,**<br>**vs.**<br><br>**LUU PHUONG NGUYEN aka LUUPHUONG NGUYEN, BAO QUOC NGUYEN and MINHDUC T. LUU,**<br><br>　　　　　　　　　**Defendants.** | **ADVERSARY PROCEEDING NO. 14-05039**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER GRANTING TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**Date:** May 22, 2014<br>**Time:** 2:15 p.m.<br>**Place:** 280 South First St.<br>　　　　San Jose, California<br>**Judge:** Hon. Arthur S. Weissbrodt |

    Plaintiff, Kari Silva Bowyer, Trustee in bankruptcy of the estate of the above Debtor ("Plaintiff"), respectfully submits the following Memorandum of Points and Authorities in support of Plaintiff'S request for a Preliminary Injunction in connection with

Points and Authorities in Support
of Ex Parte Application for TRO

the Ex Parte Application for Order Granting Temporary Restraining Order and attached Declaration of Marlene G. Weinstein ("MGW.Dec.") in support thereof filed with the Court on April 16, 2014, and entered on the court docket as document number 3.

**FACTS OF UNDERLYING COMPLAINT**

On January 30, 2014, the above Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and Plaintiff was appointed Chapter 7 Trustee.

Plaintiff initiated the within adversary proceeding based upon Debtor's transfer of the Real Property to Luuphuong within one (1) year of the filing of the Bankruptcy Case, which property was purchased during Debtor's marriage to Luuphuong. Plaintiff contends the Real Property, the Proceeds of Sale and the remaining Proceeds of Sale therefrom were and are community property that is recoverable for the benefit of the estate under 11 U.S.C. §548. See **MGW.Dec.Ex.D.**

Plaintiff contends that Debtor and Luuphuong were married on or about November 17, 2008, and separated on or about January 5, 2013,, and that during their marriage, on or about November 13, 2009, they purchased the real property located at 3482 Lapridge Lane, San Jose, California ("the Real Property") for $630,000.00.

On or about February 4, 2013, less than one (1) year prior to the bankruptcy filing, Debtor executed an Interspousal Transfer

Grant Deed, recorded February 14, 2013, document number 22093512, in the Santa Clara County Recorder's Official Records, pursuant to which Debtor transferred all of his right, title and interest in the Real Property to Luuphuong, a married woman as her sole and separate property. **[MGW.Dec.Ex.A]**.

On or about April 2, 2013, Luuphuong filed a Petition for Dissolution of Marriage in Santa Clara Superior Court, as Case No. 1-13-FL-164502 ("Family Law Case"). On or about June 5, 2013, less than one (1) year prior to the bankruptcy filing, a Judgment of Dissolution was entered in Family Law Case ("the Judgment"), a true and correct copy of which is attached hereto as Exhibit A.

The Judgment provided, in relevant part, for Luuphuong to be awarded, as her sole and separate property, various property including, but not limited to the Real Property, other real property located on White Road in San Jose, a 2005 Toyota Camry, a 2010 Toyota Highlander ("Highlander"), any and all credit cards or other debts in her name alone, and all financial accounts in her name or jointly with another other than with Debtor.

At the time the Real Property was transferred to Luuphuong, the debts secured by the Real Property totaled less than $500,000.00. On April 4, 2014, Luuphuong sold the Real Property for the sum of $950,000.00 ("Proceeds of Sale") and that the Proceeds of Sale was and is at all times a community property asset and property of the bankruptcy estate **[MGW.Dec.Ex.B,C]**.

The Judgment also provided, in relevant part, for Debtor to be awarded, as his sole and separate property, a Cancun timeshare, all furniture, furnishings, and personal property belongings including jewelry currently in his possession, the business known as "Prima Dental Care" including any and all assets and/or liabilities thereon, any and all credit cads or other debts in Husband's name alone, and all financial accounts in Husband's name, or jointly with another other than Wife.

On February 14, 2014, just over eight (8) months after entry of the Judgment, in addition to the within bankruptcy case, Debtor caused to be filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on behalf of Thuan-Vu Dinh Ho, DMD, Inc. dba Prima Dental Care (the "Corporation") in which Debtor is sole shareholder, in the Northern District of California, San Francisco Division, as Case No. 14-30226 (the "Corporate Bankruptcy Case") and an order for relief was entered.

In connection with the filing of the Bankruptcy Case, Debtor listed a debt of $996,935.79 as wholly unsecured on Schedule D, which debt Plaintiff asserts was incurred by the Corporation in or about 2006, that Debtor guaranteed the obligation, and with respect to which the Corporation defaulted as early as May 2012, prior to Debtor's transfer of the Real Property to Luuphuong.

Plaintiff contends that the facts and circumstances surrounding the transfer of the Real Property from Debtor to Luuphuong would support a finding by this Court that said tranfer

is avoidable as a fraudulent transfer and recoverable for the benefit of the bankruptcy estate.

**LEGAL ARGUMENT**

I. **The Four-Part Traditional Test for a Preliminary Injunction**

An injunction is an equitable remedy. "The basis for injunctive relief (preliminary or permanent) in the federal courts has always been *irreparable injury* and the *inadequacy of legal remedies.*" [*Weinberger v. Romero-Barcelo* (1982) 456 US 305, 312, 102 S.Ct. 1798, 1803 (emphasis and parentheses added); *Stanley v. University of So. Calif.* (9th Cir. 1994) 13 F3d 1313, 1320]" The Rutter Group, page 13-17, ¶13:38.

An injunction never issues as a mater of course: "In each case, a court must *balance* the competing claims of injury and must consider the *effect on each party* of the granting or withholding of the requested relief. ... The Rutter Group, page 13-17, ¶13:39.

As set forth in Perfect 10, Inc. v. Google, Inc. (9th Cir. 2011) 633 F.3d 976,

A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council. Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)." Perfect 10, at p. 979.

This four-part or "traditional test" has been held to apply whenever preliminary injunctive relief is sought. [See *Winter v. Natural Resources Defense Council, Inc*, supra, 555 US at 20, 129 S.Ct. at 374 — to enjoin U.S. Navy from violations of environmental laws; ...; see also *Perfect 10, Inc. v. Google, Inc.*, supra, 653 f3d at 979-980] The Rutter Group, p. 13-19, ¶13:44.

## II. **Plaintiff is Likely to Succeed on the Merits**

Plaintiff has alleged that the transfer of the Real Property from Debtor to Luuphuong is an avoidable transfer of property of the bankruptcy estate recoverable as a fraudulent transfer pursuant to 11 U.S.C. § 548(a).

The Plaintiff must first prove that the Real Property was property of the bankruptcy estate. 11 U.S.C. §541(a)(2) provides that all interests of the Debtor in community property are property of the bankruptcy estate.

Defendants, and specifically Luuphuong, cannot dispute that the Real Property was purchased during their marriage, that that title was taken in both her name and that of the Debtor, and further, that virtually payments of the debt secured by the Real Property were paid with earnings of either Luuphuong or Debtor.

California Family Code §2581 (hereinafter "F.C"), provides, in relevant part, that "... property acquired by the parties during marriage in joint form, .. is presumed to be community property." F.C. §760 provides that, "generally, all property, real or personal, wherever situated, acquired by a married person during marriage while domiciled in California is community property. Therefore, all earnings acquired during marriage are community property. Accordingly, it would be difficult, if not impossible, for Luuphuong to dispute the allegation that the Real Property was a community property asset.

Case: 14-05039   Doc# 28   Filed: 04/30/14   Entered: 04/30/14 22:57:28   Page 6 of 11

Another element of 11 U.S.C. §548(a) that Plaintiff must prove is that the transfer of the Real Property by Debtor to Luuphuong was made within two (2) years before the filing of Debtor's bankruptcy. As has previously been stated, Debtor filed his bankruptcy case less than one year after he transferred the community property Real Property to Luuphuong.

To prevail on a claim under 11 U.S.C. §548(a), and based upon the facts of the within case, it is not difficult for Plaintiff to prove that either (A) Debtor made the transfer with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date of the transfer, indebted, or (B) that Debtor received less than a reasonably equivalent value in exchange for such transfer; and that Debtor that the transfer was made and incurred by the Debtor (i) when he was insolvent and/or such transfer rendered him insolvent ...

The facts set forth in Debtor's bankruptcy filing and also in the Corporate Bankruptcy Case, provide evidence that Debtor was insolvent (or became insolvent) when he made the transfer to Luuphuong in that he was a guarantor of a corporate obligation on which the Corporation had defaulted in excess of $1 million. At the time of the Interspousal Transfer Grant Deed, Debtor received nothing in exchange for transferring the Real Property, which had approximately $400,000.00 in equity, to Luuphuong. To the extent Luuphong asserts that Debtor received his dental practice in return, the fact is that it had no value when it was transferred by Luuphuong to the Debtor pursuant to the Judgment of Dissolution.

Points and Authorities in Support
of Ex Parte Application for TRO          7

Its debts far exceeded its assets resulting in the Corporation filing bankruptcy less than one (1) year after the transfer of the Real Property.

As to Luuphuong's parents, defendants, Bao Quoc Nguyen and Minhduc T. Luu ("Parents"), to the extent the transfer of the Real Property is avoided, the transfer of $150,000.00 by Luuphuong to her Parents on or after April 4, 2014, is an avoidable post-petition transfer of property of the estate under 11 U.S.C. §549.

Based upon the foregoing, Plaintiff is likely to prevail in the adversary proceeding against all Defendants.

III. **<u>Plaintiff is Likely to Suffer Irreparable Harm</u>**

From sales proceeds of $950,000.00, and a mortgage of less than $500,000.00, Luuphuong initially stated that she has only about $100,000.00, not including the $150,000.00 transferred to her Parents. She has now stated that she has none of the Proceeds of Sale remaining and that all of it has been disbursed. The Defendants have seemingly ignored all orders from this Court. In connection with the filing of the within Memorandum of Points and Authorities, Plaintiff will seek an order for turnover to the Trustee to the extent there are any funds remaining from the Proceeds of Sale in the possession of the Defendants.

///
///

Points and Authorities in Support
of Ex Parte Application for TRO                8

Case: 14-05039   Doc# 28   Filed: 04/30/14   Entered: 04/30/14 22:57:28   Page 8 of 11

## IV. The Balance of Equities Tips in Plaintiff's Favor

Defendants lose nothing if Plaintiff is granted the relief requested and/or if Plaintiff is granted the additional relief requested for turnover of whatever funds are still in possession of the Defendants. On April 30, 2014, and notwithstanding the previous orders entered by this Court as well as the communications between Luuphuong and Plaintiff's counsel, Luuphuong, through counsel, has now stated that she has nothing left from the Proceeds of Sale.

## V. An Injunction is in the Public Interest

The Bankruptcy Code provides for the administration of the assets of a bankruptcy estate for the benefit of a debtor's creditors. In the event the preliminary injunction requested herein, as well as the turnover order, are not granted by this Court, it is very possible that Debtor's conduct in transferring away his only asset out of the reach of his creditors, and his ex-wife's subsequent sale of the Real Property and transfer of the Proceeds of Sale for her benefit only (and that of her Parents), will result in creditors of Debtor's bankruptcy estate receiving nothing on their claims. Such conduct should not be allowed to continue for the integrity of not only the bankruptcy system, but all laws and court orders that are issued. The public will not be served by such conduct.

///

# CONCLUSION

Plaintiff submits that this is a proper case for a preliminary injunction as previously requested, as well as for entry of an order requiring Defendants to turnover to Plaintiff any and all funds remaining from the Proceeds of Sale.

                                      Respectfully submitted,

Dated: April 30, 2014        LAW OFFICE OF MARLENE G. WEINSTEIN

                                By: /s/ Marlene Gay Weinstein
                                    MARLENE G. WEINSTEIN
                                    Attorney for Plaintiff
                                    Kari Silva Bowyer, Trustee

Points and Authorities in Support
of Ex Parte Application for TRO      10

# CERTIFICATE OF SERVICE

I declare as follows:

I am employed in the County of Contra Costa; I am over the age of 18 years, and not a party to the within action; my business address is 1350 Treat Blvd., Suite 420, Walnut Creek, California 94597. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.

On April  30 , 2014, I served the following documents:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER GRANTING TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

on each party listed below in the manner or manners described below and addressed as follows:

Michael Chinh Vu, Esq.
Vu.S.A. Law Offices, APC
142 East Mission Street
San Jose, CA 95112
michaelvu@vusalaw.com

 X   BY ELECTRONIC MAIL: by transmitting via email said document(s) listed above to the email address(es) set forth above.

 X   BY ECF EMAIL NOTIFICATION: by way of the court's ECF email notification to the participating parties set forth below.

United States Trustee
280 South First Street
Room 268
San Jose, CA 95113

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this  30th  day of April, 2014 at Walnut Creek, California.

/s/ Marlene Gay Weinstein
MARLENE G. WEINSTEIN

Points and Authorities in Support
of Ex Parte Application for TRO            11