

IT IS SO ORDERED.
Signed May 22, 2014

*Arthur S. Weissbrodt*
**Arthur S. Weissbrodt**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>THUAN-VU DINH HO,<br>　　　　Debtor. | Case No. 14-50354-ASW<br>Chapter 7 |
| KARI SILVA BOWYER, Chapter 7 Trustee,<br>　　　　Plaintiff,<br>v.<br>LUU PHUONG NGUYEN, BAO QUOC NGUYEN, and MINHDUC T. LUU,<br>　　　　Defendants. | Adv. Proc. No. 14-05039<br><br>Hearing Date: May 22, 2014<br>Hearing Time: 2:15 p.m. |

**TENTATIVE DECISION RE: MOTION FOR PRELIMINARY INJUNCTION**

　　Before the Court is the application of the chapter 7 trustee, Kari Bowyer, who is represented by attorney Marlene Weinstein, for a preliminary injunction restraining Defendants Luuphuong Nguyen, Bao Quoc Nguyen, and Minhduc T. Luu from using any remaining proceeds from the sale of real property at 3482 Lapridge Lane, San Jose, CA (the "Property"). Defendants are represented by attorney Michael Chinh Vu, but have not filed an opposition to this motion.

According to declarations filed in this case by Ms. Weinstein and Defendants, the Property was acquired by Debtor and Defendant Luuphuong Nguyen ("Luuphuong") during their marriage. Prior to the dissolution of the marriage, on February 4, 2013, Debtor transferred his interest in the Property to Luuphuong. Thereafter, on April 2, 2013, Luuphuong filed a Petition for Dissolution in Santa Clara County Superior Court. By judgment entered June 5, 2013, the family court awarded Luuphuong the Property. At the time of the transfer, the debt on the Property was less than $500,000. Debtor filed this bankruptcy case on February 14, 2014. On April 4, 2014, Luuphuong sold the Property for $950,000, and thereafter spent most, if not all, of the net proceeds, including paying $150,000 to Luuphuong's parents, Defendants Bao Quoc Nguyen and Mindhuc T. Luu.

In deciding whether to grant a preliminary injunction, the Court considers: (1) whether Plaintiff's case has a likelihood of success on the merits; (2) whether Plaintiff faces irreparable injury if the injunction is not granted; (3) whether the balance of hardships favors the Plaintiff; and (4) whether the public interest is advanced. See <u>Overstreet v. United Brotherhood of Carpenters and Joiners of America, Local Union No. 1506</u>, 409 F.3d 1199, 1207 (9th Cir. 2005). Alternatively, the Court may grant an injunction if the movant demonstrates either: (1) a combination of probable success on the merits and the likelihood of irreparable harm; or (2) that there are serious questions going to the merits and the balance of hardships tips sharply in movant's favor, or movant has a fair chance of success on the merits. <u>In re Excel Innovations, Inc.</u>, 502 F.3d 1086, 1093 (9th Cir. 2007).

The Supreme Court has made it plain that for an injunction to issue, the movant must show a likelihood of irreparable harm, not merely the possibility of irreparable harm. <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 375-76 (2008). The two formulations for issuance of an injunction are not separate and distinct tests, but rather opposite ends of a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. <u>Earth Island Institute v. U.S. Forest Service</u>, 351 F.3d 1291, 1310 (9th Cir. 2003). A less robust showing of likelihood of success is required where the hardships tip decidedly toward the plaintiff. <u>Caribbean Marine Services Co., Inc. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988).

Overall, the Court finds that the factors weigh in favor of a preliminary injunction pending resolution of this adversary proceeding. The balance of hardship weighs in Plaintiff's favor because Defendants may have already spent all of the funds and, to the extent there is any chance of recovery, that chance should be preserved. As the Defendants have apparently spent most, if not all, of the funds, there is no prejudice to Defendants.

With regard to likelihood of success, the trustee appears to have evidence to support a cause of action for actual or constructively fraudulent transfer and for unauthorized post-petition transfer. Based on the current record before the Court, it appears that the Property was community property and thus property of the estate; the transfer occurred within two years of Debtor's bankruptcy filing; Debtor received less than reasonably equivalent value and was insolvent or became insolvent as the result of the transfer, based on Debtor's schedules and those of

Debtor's dental practice.  At the very least, there are serious questions about whether the transfers are avoidable and the estate has a valid interest in the proceeds.

    Finally, the public interest is served by permitting the trustee to pursue this adversary proceeding pursuant to the trustee's duty to administer estate assets for the benefit of creditors.

    For these reasons, the Court will issue a preliminary injunction pending resolution of this adversary proceeding. Counsel for the trustee may submit a proposed form of order.

    This is a Tentative Decision.  The parties may argue the matter at the hearing scheduled for May 22, 2014 at 2:15 p.m.

**\*\*\*END OF TENTATIVE DECISION\*\*\***

| | |
|---|---|
| 1 | Court Service List |
| 2 | |
| 3 | Marlene G. Weinstein<br>Counsel for Plaintiff |
| 4 | |
| 5 | Michael Vu<br>Counsel for Defendants |
| 6 | Luu Phuong Nguyen<br>1632 South White Road |
| 7 | San Jose, CA 95127 |
| 8 | Bao Quoc Nguyen<br>1632 South White Road |
| 9 | San Jose, CA 95127 |
| 10 | Minhduc T. Luu<br>1632 South White Road |
| 11 | San Jose, CA 95127 |